IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRANCISCO GARCIA,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No.  EP-15-CV-407-ATB |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

### I.   PROCEDURAL HISTORY

On February 7, 2013, Plaintiff filed an application for DIB, alleging a disability onset date of July 1, 2012. (R. 141). His application was denied initially and denied upon reconsideration. (R. 72, 78). Plaintiff filed a request for a hearing, which was held on July 15,

2014.  (R. 28-49, 81).  The Administrative Law Judge ("ALJ") issued a decision on September 8, 2014, denying benefits.  (R. 15-22).  Subsequently, the Appeals Council denied review.  (R. 1-3).

## II.   ISSUE

Plaintiff presents the following issue for review:

> 1. Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence.  (Pl.'s Br. 2, ECF No. 22).

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to accommodate all of Plaintiff's limitations from his medical impairments.  (*Id*. at 3-4).  Specifically, Plaintiff argues that the ALJ failed to fully account for Plaintiff's back impairment because it restricts his ability to lift, sit, stand, and walk to the extent that he is unable to perform medium work[1] on a sustained basis.  (*Id*. at 4).  Accordingly, Plaintiff claims that because the ALJ's RFC determination failed to contain all of Plaintiff's limitations, the remaining steps of the sequential evaluation process were tainted.  (*Id*. at 5).  Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings.  (*Id.*)

## III.   DISCUSSION

### A.   Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995)

---

[1] 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.").  Additionally, SSR 83-10 states, "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday . . . .  As in light work, sitting may occur intermittently during the remaining time."

(per curiam) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of "no substantial evidence" will be made "only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.     Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once the claimant meets that burden, it shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989) (per curiam).

In the present case, the ALJ found that Plaintiff had the following severe impairments: bilateral knee arthralgia[2] and low back pain. (R. 17). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 17-18). In doing so, the ALJ determined that Plaintiff's impairments did not meet the criteria of listing 1.02, Major Dysfunction of a Joint(s) (due to any cause), and listing 1.04, Disorders of the Spine. (R. 17-18; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1). After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform the full range of medium work as defined by law. (R. 18). The ALJ then determined that Plaintiff was able to perform his past relevant work as a tow truck operator. (R. 21). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 21).

C.   The ALJ's Determination of Plaintiff's RFC

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to fully account for Plaintiff's back impairment which limits his ability to lift, sit, stand, and walk to the extent that he is unable to perform medium work on a sustained basis. (Pl.'s Br. 3-5, ECF No. 22). He argues that the ALJ relied on medical reports that did not include the results of more recent diagnostic imaging related to Plaintiff's back impairment. (*Id*. at 5).

RFC is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of

---

[2] Arthralgia is defined as "pain in a joint." *See Dorland's Illustrated Medical Dictionary* 150 (32d ed. 2012).

an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is the plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). The plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.     Analysis**

As a preliminary matter, the Court stresses that the relevant question for review is whether the ALJ's decision is supported by substantial evidence, not whether the record contains evidence to support more severe limitations. *Navarro v. Colvin*, No. A-12-CV-040-LY-AWA, 2013 WL 1704795, at *3 (W.D. Tex. Apr. 19, 2013) (citing *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (per curiam)). Additionally, the ALJ is tasked with weighing all of the evidence presented, *Chambliss*, 269 F.3d at 523, and the ALJ is not required to summarize and discuss every piece of record evidence in his or her decision. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (holding that the ALJ does not have to "follow formalistic rules in his articulation" of the record evidence). Moreover, the mere presence of an impairment is not disabling per se, and subjective evidence of pain will not take precedence over conflicting

medical evidence. *Hames v. Hackler*, 707 F.2d 162, 165 (5th Cir. 1983); *Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir. 1985).  While the ALJ must take into account the plaintiff's subjective allegations of pain in determining the RFC, the plaintiff must produce objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged. *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989).

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error.  (Pl.'s Br. 2, ECF No. 22).  In particular, Plaintiff argues that the ALJ failed to fully account for Plaintiff's back impairment which limits his ability to lift, sit, stand, and walk to the extent that he is unable to perform medium work on a sustained basis.  (*Id.* at 4). Plaintiff contends that the ALJ's reliance on the report of the consultative examiner, Dr. Enrique Porras, and the reports of the two state agency physicians, Dr. Roberta Herman and Dr. Scott Spoor, is "misplaced" because these doctors did not consider more recent diagnostic imaging of Plaintiff's spine.  (*Id.*, citing R. 19-20, 53, 62, 252-56, 275-76, 291, 350-51, 356-57).  Plaintiff further contends that while the ALJ acknowledged more recent diagnostic imaging of Plaintiff's spine, the ALJ "essentially disregard[ed]" the findings by stating that they showed normal results.  (*Id.*, citing R. 19-20, 252-56, 275-76, 291, 350-51, 356-57).  As a result of the ALJ's failure to fully account for Plaintiff's back impairment in the RFC determination, Plaintiff argues that the remaining steps in the sequential evaluation process were ultimately tainted.  (*Id.* at 5).

The Commissioner responds by arguing that substantial evidence supports the ALJ's RFC determination because the reports from Dr. Porras, Dr. Herman, and Dr. Spoor and the remainder of the record demonstrate that the ALJ fully accounted for Plaintiff's back impairment. (Def.'s Br. 4-6, ECF No. 23).  The Commissioner contends that Plaintiff reported to Dr. Porras that he was still working "nearly nine months after his alleged onset of disability,"

that he had no limitations for lifting, that he was able to bend and touch his toes to lift items off the ground, and that he had normal gait. (*Id.* at 5). The Commissioner further contends that Dr. Herman and Dr. Spoor reviewed the evidence and found that Plaintiff's impairments were non-severe. (*Id.* at 5-6). The Commissioner also argues that the ALJ "partially credited Plaintiff's subjective complaints" because "[t]he record contains no other medical opinions specifically addressing the functional consequences of Plaintiff's impairments." (*Id.* at 6). The Commissioner maintains that diagnostic imaging of Plaintiff's spine demonstrates that Plaintiff had a back impairment, that the ALJ did not disagree that Plaintiff had a back impairment, that diagnostic imaging did not reveal "significant nerve root compression," and that diagnostic imaging did not "establish functional loss greater than" the ALJ's RFC determination. (*Id.*, citing R. 19, 275-76, 312, 350-51). Therefore, the Commissioner requests that the Court affirm the ALJ's decision. (*Id*. at 7).

The mere existence of pain is not an automatic ground for obtaining disability benefits. *Cook*, 750 F.2d at 395. The proper standard for evaluating pain is codified in the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423. The statute provides that allegations of pain must be corroborated by objective medical evidence showing the existence of a physical or mental impairment which could reasonably be expected to cause pain. *Chambliss*, 269 F.3d at 522. Plaintiff states that he is only required to show that there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or supported symptoms alleged. (Pl.'s Br. 5, ECF No. 22, citing 42 U.S.C § 423(d)(5)(A)). However,

> 42 U.S.C. § 423(d)(5)(A)[] merely states that a claimant's testimony as to pain or other symptoms cannot be conclusive evidence of disability and that objective medical evidence must be offered and considered when determining whether a claimant is disabled. It does *not* establish that the production of objective medical evidence resolves the question of whether a particular impairment is disabling.

*Navarro*, 2013 WL 1704795, at *4 (internal citation omitted). The ALJ must still consider the entirety of the record when making a determination, and decide what weight to accord the various medical reports. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988) (per curiam). This Court, in turn, must determine whether the ALJ's determination is supported by substantial evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (per curiam).

A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform a full range of medium work. Additionally, the Court finds that the ALJ's decision fully accounts for Plaintiff's back impairment because the ALJ properly considered the medical opinions and evidence in the record in reaching the RFC determination. Consequently, the ALJ's RFC determination is supported by substantial evidence and does not result from legal error.

The Court finds that Dr. Porras' report provides substantial evidence supporting the ALJ's RFC determination. On March 21, 2013, Plaintiff presented to Dr. Porras with allegations of back, knee, bladder, and stomach problems. (R. 252). Plaintiff advised Dr. Porras that he was still working. (R. 252). Plaintiff denied limitations regarding walking, lifting, and bending but stated that he had problems standing due to knee pain and problems sitting due to lower back pain. (R. 252). Upon physical examination, Dr. Porras observed intact range of motion in Plaintiff's cervical spine, shoulders, elbows, wrists and hands, thumbs, hips, and knees. (R. 254). Dr. Porras further observed true lumbar flexion of 60 degrees, true lumbar extension of 20 degrees, bilateral bending of 35 degrees, and no tenderness in the paravertebral[3] and iliolumbar[4] areas. (R. 255). Dr. Porras also observed unremarkable posture, normal gait, tandem walking,

---

[3] Paravertebral is defined as "beside the vertebral column." *See Dorland's Illustrated Medical Dictionary* 1382 (32d ed. 2012).

[4] Iliolumbar is defined as "pertaining to the iliac and lumbar regions, or to the flank and loin." *See Dorland's Illustrated Medical Dictionary* 914 (32d ed. 2012).

toe walking, and squatting, and fair kneeling, hopping, and climbing. (R. 255). Dr. Porras reviewed an x-ray of Plaintiff's right knee and found that it was normal. (R. 255). Dr. Porras diagnosed Plaintiff with lumbago[5] not otherwise specified, bilateral knee arthralgia not otherwise specified, hyperlipidemia, and gastroesophageal reflux disorder. (R. 255). Dr. Porras commented that "[p]hysical exam is normal and unremarkable. There are no objective findings to substantiate the narrative[] complaints. There are no abnormalities or evidence of major limitations in the activities of daily life; moreover[,] the claimant is still employed in spite of his alleged ailments." (R. 255). The ALJ reviewed Dr. Porras' report and assigned "great weight" to his opinion which showed that the examination was normal with no limitations. (R. 19-20). The Court finds that Dr. Porras' report provides normal findings and lacks limitations regarding Plaintiff's ability to lift, sit, stand, and walk. Additionally, Plaintiff's ability to work in March 2013, approximately nine months after his onset date, supports the ALJ's RFC determination. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (per curiam) (holding that the plaintiff's ability to work after suffering from ailments that she claimed were disabling provides substantial evidence supporting the ALJ's RFC determination). Therefore, the Court finds that Dr. Porras' report provides substantial evidence in support of the ALJ's RFC determination.

The Court further finds that the ALJ properly accorded "some weight" to the state agency physicians and that their opinions provide substantial evidence in support of the ALJ's RFC determination. *See Brown v. Astrue*, Civ. A. No. 3:08-CV-0255-D, 2009 WL 64117, at *4 (N.D. Tex. Jan. 12, 2009) (citations omitted); *Barrington v. Barnhart*, Civ. A. No. SA02CA0993RF, 2005 WL 2137911, at *7 (W.D. Tex. July 13, 2005). On March 27, 2013, Dr. Roberta Herman reviewed the record and determined that Plaintiff had non-severe impairments and was not

---

[5] Lumbago is defined as "a nonmedical term for any pain in the lower back." *See Dorland's Illustrated Medical Dictionary* 1076 (32d ed. 2012).

disabled. (R. 50-56). In reaching this determination, Dr. Herman reviewed Dr. Porras' report, medical evidence regarding Plaintiff's throat and stomach problems, Plaintiff's Function Report, and Plaintiff's Work History Report. (R. 51-53). On May 15, 2013, Dr. Scott Spoor reviewed Plaintiff's claim on reconsideration and determined that the original disability determination by Dr. Herman was correct. (R. 58-65). In addition to the evidence reviewed by Dr. Herman, Dr. Spoor also examined a medical record which indicated that Plaintiff's pain level was 0/10 on the pain scale and that he was prescribed Xanax. (R. 62-63). The ALJ noted that although the state agency physicians were non-examining physicians, their opinions deserved "some weight" because the case was one "in which there exist a number of other reasons to reach similar conclusions, as explained throughout this decision." (R. 19). The Court finds that the state agency physicians' opinions are consistent with the record evidence and that they provide substantial evidence in support of the ALJ's RFC determination.

The Court rejects Plaintiff's argument insofar as he contends that the ALJ did not properly consider more recent diagnostic imaging related to Plaintiff's back impairment because the ALJ did, in fact, consider those records and the results provide substantial evidence in support of the ALJ's RFC determination. (*See* Pl.'s Br. 4, ECF No. 22). On May 8, 2013, an MRI of Plaintiff's lumbar spine revealed "[m]oderate multilevel degenerative disc and facet changes . . . resulting in moderate degenerative narrowing of L4-L5 and L5-S1 spinal canal and neural foramina without definite compression or displacement of the nerve roots" and "[i]ntervertebral disc posterior annular tears at L3-L4 and L5-S1." (R. 276). On June 16, 2014, an MRI of Plaintiff's lumbar spine revealed "[m]ild to moderate multilevel degenerative disc changes mainly seen at L3-L4 and L5-S1 levels"; "[m]oderate multilevel facet hypertrophy"; [a]nnular fissure . . . at L3-L4 and L5-S1 . . ."; and "no significant nerve root compression or

significant stenosis of the central canal." (R. 350-51, 356-57). Also on June 16, 2014, x-rays of Plaintiff's cervical spine were "[u]nremarkable." (R. 352, 357-58). The ALJ reviewed both MRIs and the x-rays of Plaintiff's spine and noted the same findings as stated above but concluded that "[d]iagnostic imaging of both knees and back showed normal results." (R. 19-20). The Court agrees, however, with the Commissioner's argument that diagnostic imaging of Plaintiff's spine demonstrates that Plaintiff had a back impairment, that the ALJ did not disagree that Plaintiff had a back impairment, that diagnostic imaging did not reveal "significant nerve root compression," and that diagnostic imaging does not "establish functional loss greater than" the ALJ's RFC determination. (*See* Def.'s Br. 6, ECF No. 23, citing R. 19, 275-76, 312, 350-51). Therefore, the Court finds that diagnostic imaging of Plaintiff's spine provides substantial evidence in support of the ALJ's RFC determination.

The Court further finds that Plaintiff's medical records from San Vicente Clinic fail to show any limitations regarding Plaintiff's back impairment. During Plaintiff's twelve visits and examinations at San Vicente Clinic from 2009 through 2013,[6] only five involved conditions relating to his back.[7] (R. 288-311). During Plaintiff's May 6, 2009 visit and his January 8, 2010 visit, he failed to present with complaints of back pain and a physical examination of his musculoskeletal region was normal, yet he was diagnosed with lower back pain. (R. 305-06, 309-11). During Plaintiff's July 8, 2009 visit, he failed to present with complaints of back pain and no physical examination of his musculoskeletal region was documented, yet he was diagnosed with lower back pain. (R. 308). During Plaintiff's April 30, 2013 visit, the doctor

---

[6] Plaintiff visited San Vicente Clinic and was examined on May 6, 2009, July 8, 2009, September 17, 2009, January 8, 2010, March 16, 2011, October 18, 2011, June 11, 2012, July 11, 2012, August 21, 2012, April 30, 2013, May 15, 2013, and July 11, 2013. (R. 288-311).

[7] Those visits are dated May 6, 2009, July 8, 2009, January 8, 2010, April 30, 2013, and May 15, 2013. (R. 291-94, 305-06, 308-11).

mentioned a history of lower back pain due to a work accident that occurred while Plaintiff was in his twenties and that Plaintiff was taking "IB" for pain. (R. 292). Although no physical examination of Plaintiff's musculoskeletal region was documented, he was diagnosed with lower back pain. (R. 293). During Plaintiff's May 15, 2013 visit, he received his MRI results and although no physical examination of Plaintiff's musculoskeletal region was documented, he was diagnosed with intervertebral disc degeneration. (R. 291). Additionally, a note following Plaintiff's May 15, 2013 visit indicates that he does not need surgery on his back. (R. 312). The Court finds that the medical records from San Vicente Clinic fail to set forth any functional limitations. (R. 291-94, 305-06, 308-11). Therefore, the Court finds that Plaintiff's medical records from San Vicente Clinic provide further substantial evidence in support of the ALJ's RFC determination.

In conclusion, the Court finds that the reports from Dr. Porras, Dr. Herman, and Dr. Spoor, Plaintiff's diagnostic images, and Plaintiff's visits and examinations from San Vicente Clinic provide substantial evidence to support the ALJ's RFC determination. Accordingly, the Court finds that the ALJ's determination is supported by substantial evidence and is not a result of legal error.

## IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 3rd day of August, 2016.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**